# SUPREME COURT.

ISRAEL J. ROGERS agt. LONG ISLAND RAILROAD COMPANY.

It is enough to establish a *delivery of baggage to a common carrier*, in the first instance, to prove that a person acting as the *agent* of the company, received and accepted the property for transportation, even if there be in fact another person who is proved to be the actual agent having charge of the receipt of freight.

Where the *ticket agent* is apparently in charge of the depot, the company which sanctions his employment, and thus holds him out to the world as its agent, is not at liberty to repudiate his acts; especially in accepting the delivery of baggage for transportation by the company.

*Second District, General Term, December,* 1869.

*Before* GILBERT, J. F. BARNARD *and* TAPPEN, *Justices.*

THIS action was brought against the defendant as a common carrier, to recover the value of a trunk of the plaintiff, lost, as is alleged, by the negligence of the defendant, at its depot at James Slip, New York.

The defendant answered by a general denial of the complaint.

The cause was tried at the Suffolk circuit, October 7, 1868, before Mr. Justice GILBERT and a jury.

On the 11th of April, 1868, about noon, an expressman of New York city, at the request of the plaintiff, took his trunk from Morton street to James Slip depot, the plaintiff intending to go from New York to Riverhead by the evening train on that day. The trunk had a card fastened on it, marked, " Israel J. Rogers, Riverhead, Long Island." At the depot there is, beginning at the left, the ticket office, separated in two rooms by a railing; next, was a small gate entrance, next was a broad gate entrance and gang-way leading to the freight room, and beyond that, on the opposite side from the office, was a baggage room or crate

that was locked. The expressman took the trunk into the freight office through the small gate entrance adjoining the ticket office, carried it across the broad gang-way to the freight room, and near to the baggage crate and fifteen feet within the freight room, but could not put it in because the crate was locked. There were two or three men unloading freight there. He asked them who took care of the baggage. They said the man in the office, and told him to go into the office. He left the trunk where he had placed it, and went and spoke to the person writing at the desk and told him there was a trunk outside. He said "all right," and turned to two men in the office, on the opposite side of the railing, and told them to take care of it. The expressman then left.

When the plaintiff called for his trunk in the afternoon it was not to be found, and he was told that an expressman had taken it, who gave a check for it corresponding to one found on the trunk.

The defendant upon the above facts moved for a nonsuit on the ground that there was no evidence to show a delivery of the trunk to the defendants, as carriers, or that they had received it as passenger's baggage, and that no negligence was proved.

The motion was granted and the complaint dismissed.

The plaintiff excepted.


IRA H. TUTHILL, *attorney for plaintiff, appellant.*


*First.* All that was necessary was to deliver the trunk within the defendant's building and call the attention of the persons in charge to it.

*Second.* Here the trunk was carried fifteen feet into the building and the attention of every body there was called to it. The two men who were unloading freight there, sent him to a man in the office who was writing. He gave orders to two men there in the same office on the other side the rail-

ing to attend to the trunk. The whole were notified. There is no pretence that there was anybody else to be notified.

*Third.* The proof shows that at least three of the five persons, whose attention was called to this trunk, were connected with the depot, and the presumption is that they all were.

*Fourth.* The objection of defendant assumes that there was some other person that ought to have been notified, but the proof shows that no other person could have been there.

*Fifth.* There was no need that the expressman should have followed the two men that the ticket agent sent to take care of the trunk · The size and mark of the article, made it wholly unnecessary. If they did their duty they could not have missed the trunk; if they did not do their duty, the defendant is alone responsible.

*Sixth.* There was no pretence at the time of the loss of the trunk, nor at the trial, but what the trunk, properly marked, was delivered in the depot building, or that it was carried away without coming into the custody of the parties in charge; on the contrary it was shown that the trunk was delivered to and taken away by a stranger, by means of a check, which must have been put upon the trunk by somebody at the depot. This could never have been done without the negligence of the persons in charge.

*Seventh.* We cite authorities bearing upon the question of sufficient delivery, and also as to the liability of the defendants as carriers, and we submit that there is not one which would not have adjudged a delivery, like the one proved in this case, sufficient, and the defendants to be liable as carriers for the loss of the trunk. (*Redfield on Carriers*, § 95–101, *and notes; Merriam* agt. *Hartford and New Haven Railway,* 20 *Conn.,* 354; *Spade* agt. *Hudson River Railroad Co.,* 16 *Barb.,* 383; *Packard* agt. *Getman,* 6 *Cow.,* 757; *Ball* agt. *N. J. Steamboat Co.,* 1 *Daly,* 491; *Blanchard* agt. *Isaacs,* 3 *Barb.,* 388; *Coyle* agt. *The Western R. R. Corporation,* 47 *Barb.,* 152; *Whitbeck* agt.

*Schulyer*, 44 *Barb.,* 472 ; *Grosvenor* agt. *The N. Y. Central R. R. Co.*, 5 *Abb. N. S.*, 345).

*Eighth.* The question of delivery being one of fact, and there being proof of delivery on the trial, it should have been submitted to the jury, and it was error to grant the motion for nonsuit, without such submission to the jury. (*Howell* agt. *Gould*, 3 *Keyes*, 422 ; *Cook* agt. *N. Y. Central R. R. Co.*, 3 *Keyes*, 476).

*Ninth.* The judgment of non-suit and order should be set aside and a new trial granted.

S. B. NOBLE, *attorney for defendants, respondents.*

*First,* The appeal from that part of the order which denies the motion for a new trial on the ground of newly discovered evidence cannot be sustained.

1st. Such an order is discretionary and not appealable. (*Seely* agt. *Chittenden*, 10 *Barb.*, 303).

2d. The facts disclosed in the affidavits on the motion did not warrant the granting of a new trial on the ground of newly discovered evidence.

*Second,* This trunk was not left at the defendants' depot as common carriers. The most that can be claimed in any aspect of the case is, that the property was placed within their enclosures without specific. instructions, and without knowledge on the defendants' part of the purpose of the alleged delivery—no freight was paid—no passenger ticket purchased—no indication that it was a traveler's baggage—the property not even being pointed out or checked. This surely does not render the defendants answerable as common carriers. (*Camden R. R. & Transportation Co.*, agt. *Belknap*, 21 *Wend.*, 354; *Spade* agt. *Hudson River R. R. Co.*, 16 *Barb.*, 383.)

And this is so within the distinctions drawn between baggage and freight. (*Butler* agt. *Hudson River R. R. Co.*, 3 *E. D. S.* 571.)

A mere delivery of goods by depositing them at a railroad station without giving the agent of the company specific directions, is not sufficient to put the company in default for not carrying them safely. (*See Spade* agt. *Hudson River R. R. Co.*, 16 *Barb.*, 383).

The defendants are certainly not guilty of any negligence as mere custodians or bailees in respect of the property, for it appears that it was taken out of their possession according to established usage by the holder of a duplicate check. (*Van Santfoord* agt. *St. John*, 6 *Hill.*, 157 ; *Hempstead* agt. *N. Y. Central R. R. Co.*, 28 *Barb.*, 488).

As warehousemen the defendants are only liable for ordinary care and are merely responsible for loss arising from their own negligence. (*Ladue* agt. *Griffith*, 25 *N. Y.*, 364).

And carriers are not to be held responsible for delivering baggage to the wrong person if they have exercised all the care and vigilance that could reasonably be expected of them under the circumstances. The card on the trunk, in connection with the check, tended to mislead. (*Morris* agt. *Third Avenue Railroad*, 23 *How.*, 345).

*Third.* In the case we are now considering, there was no delivery of the property to the defendants. It is not enough that the property be delivered on the premises, unless it is accompanied by notice to the proper person. There must be a valid acceptance. (*Angell on Carriers*, sec., 129 ; *Story on Bailments, sec.*, 532 : *Packard* agt. *Getman*, 6 *Cow.*, 757).

The delivery must be to the proper person. (*Blanchard* agt. *Isaacs*, 3 *Barb.*, 388).

The principles involved in this appeal have recently undergone examination in the New York court of appeals. (*Grosvenor* agt. *The N. Y. C. R. R. Co.*, 39 *N. Y.*, 34.)

In which case MILLER, J., says : " To complete the delivery of the property within the rules laid down in the authorities, I think it is essential that the property should be placed in such a position that it may be taken care of

by the agent or person having charge of the business, and under his immediate control. It must be accepted and received by the agent."

Indeed, the case in 39 *N. Y.*, which did not make its appearance in print until after the trial of the present action, runs so parallel with it as to be worthy of particular comment. In the reported case it was a cutter that was placed on the carrier's platform, freight prepaid, and the baggageman who received and put on freight, was notified that *there was some freight to go to Buffalo* by the noon train. Within two or three hours the cutter was carried away and broken by a passing train of cars. The court said it was not enough that the agent was notified. Until it was actually delivered, the agent was under no obligation to take charge of the property, even if notified. It is apparent that the plaintiffs were in fault in not delivering the property to the defendant and in leaving it in an exposed condition which caused its destruction. (*Opinion of the court, per* MILLER *J.*, 39 *N. Y.*, 38).

*Fourth.* The motion for a new trial should be denied, and the judgment affirmed with costs.

J. F. BARNARD, J.—There is no doubt, but that to render a common carrier liable for goods to be carried by him, there must be a delivery to such carrier and an acceptance upon the part of the carrier of the goods to be carried.

The proof shows in this case that the expressman took the trunk in question to the depot of the defendant at James Slip, about noon on the 11th April, 1868. It was marked "Israel J. Rogers, Riverhead, Long Island." He found inside of the depot gate, where he carried the trunk, two or three men unloading freight, of whom he inquired who took care of baggage. They told him the man in the office; he went to see the man in the office and told him there was a trunk outside; he replied all right, and immediately sent two men to take care of it. The trunk was left by the ex-

Rogers agt. Long Island R.R. Co.

pressman in the place where the baggage was kept and was inside of the defendants' enclosure and was near their baggage crate which was at the time locked.   The man in the office had been defendants' ticket agent for some years.   At about three o'clock on the same day the plaintiff went to the ticket office and bought his ticket for Riverhead, and asked this agent for his trunk, he said he had seen a trunk answering the description a short time before, but did not know where it then was.   The employees of the company subsequently informed plaintiff that the trunk had been given to an expressman who had a check corresponding to the one on the trunk.

The case should have gone to the jury.   It is enough to establish a delivery in the first instance to prove that a person acting as the agent of the company received and accepted the property for transportation, even if there be in fact, another person who is proved to be the actual agent, having charge of the receipt of freight.   There is no such proof in this case.   The ticket agent was apparently in charge of the depot.   The company which sanctions his employment and thus holds him out to the world as its agent, is not at liberty to repudiate his acts.   It seems also, that the trunk in point of fact, come to defendants' possession.   The agent had seen it.   The defendant had delivered it to a stranger who presented a check.   Who checked it?   When and where was it checked?   It was left unchecked and marked plainly for Riverhead, why was it redelivered to a stranger at James slip on the day of its receipt?   The case of *Grosvenor* agt. *The N. Y. Central R. R. Co.*, (39 *N. Y.*, 34,) does not control this case.   The court held in that case that the delivery must be in a proper place.   That a delivery of a cutter so near the track as to be caught by a passing train was not a good delivery.   No such question is presented by the facts of this case.   The judgment should be reversed and a new trial granted, costs to abide event.